1   Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
2   Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
3   44 Montgomery Street, Suite 2110
San Francisco, CA 94104
4   (415) 882-7900
(415) 882-9287 – Facsimile
5   mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com
6   sbabu@sjlawcorp.com

7   Attorneys for Plaintiffs

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10   BAY AREA PAINTERS AND TAPERS          Case No.:   C09-3098 MMC
     PENSION TRUST FUND, et al.
11                                          **NOTICE AND ACKNOWLEDGMENT
              Plaintiffs,                   and JUDGMENT PURSUANT TO
12   v.                                     STIPULATION**

13   DE MARTINEZ PAINTING, INC., a California
     Corporation,
14
              Defendant.
15

16        IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be

17   entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS

18   PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against

19   Defendant DE MARTINEZ PAINTING, INC., a California Corporation, or successor entities;

20   ("Defendant"), as follows:

21        1.    Defendant entered into a valid Collective Bargaining Agreement with the

22   District Council 16 of the International Union of Painters and Allied Trades (hereinafter

23   "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to

24   the present time.

25        2.    Daniel Edward Martinez, RMO/CEO/President of Defendant De Martinez Painting,

26   Inc., hereby acknowledges that he is authorized to receive service and has received the following

27   documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern

28                                                             -1-
     **JUDGMENT PURSUANT TO STIPULATION**
     **Case No.: C09-3098 MMC**

1  District of California; Order Setting Initial Case Management Conference and ADR Deadlines;

2  Case Management Conference Order; Standing Orders for Civil Cases Assigned to the Honorable

3  Maxine M. Chesney; Standing Order for All Judges of the Northern District of California;

4  Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation

5  and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR

6  Certification by Parties and Counsel; Notice of Availability of Magistrate Judge to Exercise

7  Jurisdiction; Consenting to a Magistrate Judge's Jurisdiction in the Northern District of California;

8  ECF Registration Information Handout; Welcome to the U.S. District Court, San Francisco, and

9  Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16.

10        3.      Defendant has become indebted to the Trust Funds as follows:

| April 2009 | Contributions | $27,086.50 | |
|---|---|---|---|
| | 20% Liquidated Damages | $5,417.30 | |
| | 5% Interest (through 7/22/09) | $192.94 | |
| | | | $32,696.74 |
| May 2009 | Contributions | $27,125.13 | |
| | 20% Liquidated Damages | $5,425.03 | |
| | 5% Interest (through 7/22/09) | $81.75 | |
| | | | $32,631.91 |
| June 2009 | Contributions | $18,817.30 | |
| | 20% Liquidated Damages | $3,763.46 | |
| | | | $22,580.76 |
| **SUBTOTAL** | | | **$87,909.41** |
| **Attorneys' Fees (through 7/21/09)** | | | **$933.50** |
| **Cost of Suit** | | | **$350.00** |
| **TOTAL DUE** | | | **$89,192.91** |

        4.      Defendant shall *conditionally* pay the amount of **$74,587.12**, representing all above

amounts, less liquidated damages in the amount of **$14,605.79** *conditioned upon timely*

*compliance with all of the terms of this Stipulation,* as follows:

        (a)     On or before July 25, 2009, and no later than the 25th day of each month

thereafter for a period of nine (9) months, through and including March 25, 2010, Defendant shall

pay to Plaintiffs the amount of **$10,000.00**;

P:\CLIENTS\PATCL\De Martinez Painting\Pleadings\C09-3098 MMC - Judgment Pursuant to Stipulation 072209.doc

1    (b)    Prior to Defendant's March 25, 2010 payment, Plaintiffs shall advise

2  Defendant of the actual balance due to Plaintiffs under the terms herein, and the balance shall be

3  paid on March 25, 2010;

4    (c)    These payments may be made by joint check to Defendant and Plaintiffs'

5  Trust Funds, and if so, shall be endorsed prior to submission;

6    (d)    Defendant shall have the right to increase the monthly payments at any

7  time;

8    (e)    Payments shall be applied first to unpaid interest and then to unpaid

9  principal.   The unpaid principal balance shall bear interest at the rate of 5% per annum in

10  accordance with Plaintiffs' Trust Agreements;

11    (f)    Payments shall be made payable to the "*Bay Area Painters and Tapers*

12  *Trust Funds*" and delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44

13  Montgomery Street, Suite 2110, San Francisco, California  94104, **to be received on or before**

14  **the 25th day of each month**, or to such other address as may be specified by Plaintiffs.

15    5.    Daniel Edward Martinez acknowledges that he is the RMO/CEO/President of DE

16  MARTINEZ PAINTING, INC., and that he specifically consents to the Court's jurisdiction, as

17  well as the use of a Magistrate Judge for all proceedings herein.  Mr. Martinez (hereinafter

18  "Guarantor") confirms that he is personally guaranteeing the amounts due pursuant to the terms of

19  this Stipulation and further acknowledges that all affiliates, related entities and successors in

20  interest to DE MARTINEZ PAINTING, INC. shall also be bound by the terms of this Stipulation

21  as Guarantors, and also consent to this Court's jurisdiction as well as the use of a Magistrate

22  Judge.

23    6.    For any work performed by employees of Defendant, beginning with hours worked

24  by Defendant's employees, if any, during the month of July 2009, Defendant/Guarantor shall

25  timely pay contributions, which are due on August 15, 2009, and delinquent if not received by

26  August 31, 2009.   For every month thereafter during the stipulated payment term herein,

27  Defendant/Guarantor will remain current in contributions and all other obligations due to Plaintiffs

28                                                                                           -3-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-3098 MMC**

1   under the terms of the Collective Bargaining Agreement by timely submitting monthly reports and

2   contributions to the Trust Funds.  **A copy of the contribution report and payment check must**

3   **be faxed timely to Muriel B. Kaplan at 415-882-9287**.

4          7.     Failure by Defendant/Guarantor to remain current in reporting or payment of

5   contributions shall constitute a default of the obligations under this agreement and the provisions

6   of ¶9 shall apply.  Any such unpaid or late paid contributions, together with 10% liquidated

7   damages, and 5% per annum interest accrued on the contributions, shall be added to and become a

8   part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under

9   the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection

10  of current and future contributions, and for any additional past contributions not included herein as

11  may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other

12  means, and the provisions of this agreement are in addition thereto.  Defendant/Guarantor

13  specifically waives the defense of the doctrine of res judicata as to any such additional amounts

14  determined as due.

15         8.     In the event that Defendant/Guarantor fails to make any payment referenced herein

16  in a timely manner as required, or if payment is made and fails to clear the bank, or is unable to be

17  negotiated for any reason, Defendant/Guarantor shall be considered to be in default of this

18  Stipulation.

19         9.     In the event of a default, Plaintiffs will provide Defendant/Guarantor with written

20  notice of the default, allowing seven (7) days from the date of the notice in which to cure the

21  default.  All future payments shall be made by cashier's check if the default was caused by a failed

22  check.  In the event that a default is not timely cured, the following will occur:

23         (a)     The entire balance of **$89,192.91** as specified in paragraph 3**,** plus interest

24  as specified above, but reduced by principal payments received from Defendant/Guarantor, in

25  addition to any unpaid contributions then due plus 10% liquidated damages and 5% per annum

26  interest thereon, shall be immediately due and payable, together with any additional attorneys'

27  fees and costs incurred in this matter;

28                        -4-

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-3098 MMC**

1    (b)    A writ of execution may be obtained against Defendant/Guarantor without

2  notice in the amount of the unpaid balance, plus any additional amounts under the terms herein,

3  upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment

4  theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the

5  date of default.  Defendant/Guarantor specifically consents to the authority of a Magistrate Judge

6  for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution herein;

7    (c)    Defendant/Guarantor expressly waives all rights to stay of execution and

8  appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

9  balance due and owing as of the date of default shall be sufficient to secure entry of Judgment

10  without a noticed motion, and the issuance of a Writ of Execution thereon;

11    (d)    Defendant/Guarantor shall pay all additional costs and attorneys' fees

12  incurred by Plaintiffs in connection with collection and allocation of the amounts owed to

13  Plaintiffs under this Stipulation regardless of whether or not Defendant/Guarantor defaults herein.

14    10.    In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the

15  parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to

16  have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

17  and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or

18  otherwise.  Defendant/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

19    11.    Any failure on the part of the Plaintiffs to take any action against

20  Defendant/Guarantor as provided herein in the event of any breach of the provisions of this

21  Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of

22  any provisions herein.

23    12.    Should any provision of this Stipulation be declared or determined by any court of

24  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

25  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

26  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

27  Stipulation.

28                                                                                          -5-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-3098 MMC**

1    13.    This Stipulation is limited to the agreement between the parties with respect to the

2    delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the

3    Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

4    Defendant/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue

5    withdrawal liability claims, if any, against Defendant/Guarantor as provided by the Plaintiffs' Plan

6    Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the

7    law.

8    14.    All parties represent and warrant that they have had the opportunity to be or have

9    been represented by counsel of their own choosing in connection with entering this Stipulation

10   under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

**-6-**
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-3098 MMC**

1        15.    This Stipulation may be executed in any number of counterparts and by facsimile,

2   each of which shall be deemed an original and all of which shall constitute together one and the

3   same instrument.

4   Dated: July 27, 2009                                           **DE MARTINEZ PAINTING, INC.**

5

6                                            By: _____/s/_____

7                                                DANIEL EDWARD MARTINEZ
                                           RMO/CEO/President

8

9   Dated: July 27, 2009                                           **DANIEL EDWARD MARTINEZ**

10

11                                      _____/s/_____
                                    Individually

12

13  Dated: July 28, 2009                                           **SALTZMAN   AND   JOHNSON   LAW CORPORATION**

14

15                                      _____/s/_____

16                                        Muriel B. Kaplan
                                      Attorneys for Plaintiffs

17

18  **IT IS SO ORDERED**.

19  Dated: ___July 30_____, 2009

20  UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28                                                 -7-
                             **JUDGMENT PURSUANT TO STIPULATION**
                                      **Case No.: C09-3098 MMC**