United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | BAY AREA PAINTERS AND TAPERS | No. C-09-3098 MMC

PENSION TRUST FUND, et al.,

12 | **ORDER DENYING MOTION TO SET**

Plaintiffs, | **ASIDE JUDGMENT AS TO DANIEL**

13 | v. | **MARTINEZ**

14 | DE MARTINEZ PAINTING, INC.

15 | Defendant.

_____/

16

17        Before the Court is the "Motion to Set Aside Judgment as to Daniel Martinez," filed

18 March 18, 2010, by Daniel E. Martinez ("Martinez").  Plaintiffs have filed opposition;

19 Martinez has not filed a reply.  Having read and considered the papers filed in support of

20 and in opposition to the motion, the Court rules as follows.[1]

21                                **BACKGROUND**

22        On July 9, 2009, plaintiffs filed the instant action.  In their complaint, plaintiffs alleged

23 that defendant De Martinez Painting, Inc. ("De Martinez Painting") was required, under the

24 terms of a collective bargaining agreement, to make contributions to certain employee

25 benefit plans, and that it had failed to do so.  As a result of such alleged failure, plaintiffs

26 alleged, they were entitled to recover the unpaid contributions, as well as liquidated

27 damages, interest, injunctive relief, costs, and attorney's fees.

28

        [1]By order filed June 2, 2010, the Court took the matter under submission.

1    Martinez is the President of De Martinez Painting.  (See Martinez Decl., filed March

2    18, 2010, ¶ A.)  According to Martinez, when De Martinez Painting was served with the

3    complaint, De Martinez Painting entered into "negotiations" with plaintiffs' counsel and "an

4    agreement was made," after which plaintiffs' counsel prepared and submitted to De

5    Martinez Painting a document titled "Notice and Acknowledgement and Judgment Pursuant

6    to Stipulation" ("Stipulation").  (See id. ¶ C.)  Martinez states that he was "told [he] had to

7    sign the document and return [it] within two days or there would be legal action taken

8    against the corporation,"[2] and that he "immediately signed and returned [the Stipulation] to

9    [plaintiffs'] attorney."  (See id.)

10   The Stipulation provides that a judgment may be entered in favor of plaintiffs and

11   against De Martinez Painting on the terms set forth in the Stipulation.  (See Stipulation at

12   1:16-20.)  The terms of the Stipulation provide that although, as of July 21, 2009, De

13   Martinez Painting was "indebted" to plaintiffs in the total amount of $89,192.91 (see

14   Stipulation ¶ 3), De Martinez Painting would pay plaintiffs the lesser sum of $74,587.12,

15   said sum to be paid over a period of several months (see Stipulation ¶ 4).

16   The Stipulation also includes the following provision:

17   Daniel Edward Martinez acknowledges that he is the RMO/CEO/President of
     De Martinez Painting, Inc., and that he specifically consents to the Court's
18   jurisdiction, as well as the use of a Magistrate Judge for all proceedings
     herein.  Mr. Martinez (hereinafter "Guarantor") confirms that he is personally
19   guaranteeing the amounts due pursuant to the terms of this Stipulation and
     further acknowledges that all affiliates, related entities and successors in
20   interest to De Martinez Painting, Inc. shall also be bound by the terms of this
     Stipulation as Guarantors, and also consent to this Court's jurisdiction as well
21   as the use of a Magistrate Judge.

22   (See Stipulation ¶ 5.)

23   Additionally, the Stipulation provides that "Defendant/Guarantor" must "remain

24   current in contributions and other obligations due to [p]laintiffs" during the "stipulated

25   payment term" (see Stipulation ¶ 6), that in the event "Defendant/Guarantor" fails to make a

26

27   [2]Because the complaint in the instant action had been filed and served prior to that
28   date, the Court construes such condition to mean that if the Stipulation were not executed,
     plaintiffs would proceed with the then pending court action.

2

payment due under the Stipulation, "Defendant/Guarantor" would be "in default of [the] Stipulation" (<u>see</u> Stipulation ¶ 8), and that if such a default was not timely cured, the sum of $89,192.91 plus interest, less payments made, in addition to any unpaid contributions then due plus liquidated damages and interest thereon, together with attorney's fees and costs incurred, would become "immediately due and payable" (<u>see</u> Stipulation ¶ 9).

The Stipulation has three signatories:  (1) "De Martinez Painting, Inc.," signed by Martinez in his capacity as "RMO/CEO/President"; (2) "Daniel Edward Martinez," signed by Martinez "Individually"; and (3) "Saltzman and Johnson Law Corporation," identified as "Attorneys for Plaintiffs," and signed by Muriel B. Kaplan.  (<u>See</u> Stipulation at 7:4-13.)

On July 29, 2009, plaintiffs filed the Stipulation, which the Court approved on July 30, 2009.

According to Martinez, De Martinez Painting made some of the payments due under the Stipulation, but thereafter, on a date unspecified by Martinez, ceased to do so.  (<u>See</u> Martinez Decl. ¶ D.)  Next, Martinez states, "all of the accounts were levied upon by [p]laintiff[s]" and Martinez took the Stipulation to "an attorney for review."  (See <u>id.</u>) According to Martinez, said attorney informed Martinez "the agreement contained language that would make [Martinez] personally liable for [the] corporation."  (<u>See</u> <u>id.</u>)  Martinez asserts that, prior to being so informed, he "had never realized that was going to occur" and "[a]t no time did [he] ever understand that [he] would be placing [his] personal assets and income in jeopardy for the debts of the corporation under the agreement with the [p]laintiff[s]."  (<u>See</u> <u>id.</u>)

**DISCUSSION**

By the instant motion, Martinez seeks an order setting aside the July 3, 2009 judgment the Court entered at the parties' joint request,[3] relying on Rules 60(b) and 60(d)(2) of the Federal Rules of Civil Procedure.

---

[3]In his memorandum of points and authorities in support of the instant motion, Martinez incorrectly refers to the judgment as a "default judgment."  (<u>See</u> Martinez's P. & A. at 1:18-19.)  The instant judgment, however, was entered at the joint request of the parties; plaintiffs never sought, much less obtained, entry of defendant's default.

At the outset, the Court notes that Martinez's reliance on Rule 60(d)(2) is misplaced. Rule 60(d)(2) incorporates by reference 28 U.S.C. § 1655, which, in turn, concerns actions "to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property." See 28 U.S.C. § 1655.  No such claim is encompassed by the above-titled action or by the above-referenced Stipulation.

The Court next turns to Martinez's request for relief under Rule 60(b).  In particular, Martinez relies on Rule 60(b)(1), which provides that a court may relieve a party from a final judgment, order, or proceeding based on "mistake, inadvertence, surprise or excusable neglect." See Fed. R. Civ. P. 60(b)(1).  Specifically, Martinez characterizes his asserted lack of knowledge of the personal liability provision in the Stipulation as "excusable neglect." (See Martinez's Memorandum of Points & Authorities at 3:6.)[4]

As discussed above, the judgment was entered as part of the parties' negotiated agreement to settle the instant action.[5]  "The construction and enforcement of settlement agreements are governed by principles of [state] law which apply to contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1990).  Martinez does not argue that the Stipulation's language providing for his personal guarantee is ambiguous, nor, given the clarity of such language, could he persuasively do so. (See Stipulation ¶ 5 ("Mr. Martinez (hereinafter "Guarantor") confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation . . . . ")); United Teachers v. Oakland Unified Sch. Dist., 75 Cal. App. 3d 322, 330 (1977) (holding "contract is ambiguous when, on its face, it is capable of two different reasonable interpretations"; construing ambiguous term in employment contract).  Nor does Martinez argue that a settlement agreement, or any other

[4]Martinez does not contend he was fraudulently induced to execute the Stipulation, was unaware he was signing the Stipulation, lacked capacity to enter into the Stipulation, or that, for some reason other than his asserted lack of knowledge of the personal guarantee provision, there exists a cognizable basis to rescind or void the parties' agreement.

[5]Under the terms of the parties' settlement, plaintiffs essentially agreed to forego receiving the full amount of contributions and other relief sought in the complaint, provided a lesser amount was paid within the time provided thereby and De Martinez Painting remained current in the reporting and payment of contributions thereafter.

4

1    contract, can be set aside for the reason that one party thereto failed to read the agreement

2    prior to signing it; indeed, the law is to the contrary.  See Frame v. Merrill Lynch, Pierce,

3    Fenner & Smith Inc., 20 Cal. App. 3d 668, 671 (1971) (holding "failure to read a contract

4    before signing is not in itself a reason to refuse its enforcement").  Martinez's assertion that

5    it was not his "intent" to personally guarantee De Martinez Painting's performance (see

6    Martinez Decl. ¶ D), likewise is of no legal import.  See Winet v. Price, 4 Cal. App. 4th

7    1159, 1168-69 (1992) (holding where "person with the capacity of reading and

8    understanding an instrument signs it, he is . . . bound by its contents, and is estopped from

9    saying that its provisions are contrary to his intentions or understanding") (internal quotation

10   and citation omitted).

11        "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a

12   party later comes to regret."  See Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101

13   (9th Cir.2006) (affirming denial of Rule 60(b)(1) motion where judgment had been entered

14   after plaintiff accepted defendant's Rule 68 offer, and plaintiff had argued she accepted

15   offer only because of erroneous legal advice).  Rather, "[w]hen a party makes a deliberate,

16   strategic choice to settle, [he] cannot be relieved of such a choice merely because [his]

17   assessment of the consequences was incorrect."  See id. (internal quotation and citation

18   omitted).  Here, Martinez, after negotiating with plaintiffs' counsel in an effort to resolve

19   plaintiffs' claims, made a deliberate and strategic choice to settle rather than retain counsel

20   to litigate the matter.  See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993)

21   (holding "corporation may appear in the federal courts only through licensed counsel").

22        Lastly, the Court notes that cases affording relief due to excusable neglect typically

23   concern a party who has failed to meet some type of statutory or court-ordered deadline,

24   thereby losing the opportunity to be heard.  See, e.g., Pioneer Investment Services Co. v.

25   Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993) (failure to file timely proof of claim

26   in bankruptcy proceeding); Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004) (failure to file

27   timely notice of appeal); Briones v. Riviera Hotel & Casino, 116 F.3d 379 (9th Cir. 1997)

28   (failure to file timely opposition to motion to dismiss).  In such cases, the district court

5

1    applies a four-part balancing test.[6]  By contrast, where a claim of excusable neglect is

2    based, as here, on a party's decision to settle rather than litigate, such considerations have

3    not been implicated in the Court of Appeals' analysis.  See, e.g., Latshaw, 452 F.3d at

4    1100-02.

5            In short, the Court finds Martinez has failed to show there exists any legally

6    cognizable basis upon which to set aside the parties' agreement.

7            Accordingly, the Court finds Martinez has failed to show he is entitled to relief under

8    Rule 60(b).[7]

9                                        **CONCLUSION**

10           For the reasons stated above, the motion is hereby DENIED.

11           **IT IS SO ORDERED.**

12

13   Dated:  June 10, 2010

14                                                    MAXINE M. CHESNEY
                                                      United States District Judge

15

16

17

18

19

20

21

22

23

24   _____

25           [6]The factors to be weighed are the "danger of prejudice to the non-moving party,"
     the "length of delay and its potential impact on judicial proceedings," the "reason for the
26   delay, including whether it was within the reasonable control of the movant," and "whether
     the moving party's conduct was in good faith."  See Pincay, 389 F.3d at 855.

27           [7]Plaintiffs' request for an award of attorney's fees, which request is included in their
28   opposition, is hereby DENIED as procedurally improper.  See Civil L.R. 7-1(a) (setting forth
     procedure for making "written request to the Court for an order").